# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARGARET M. ROSENBAUM, <br> and KENT L. ROSENBAUM, <br> <br> Plaintiffs, <br> v. <br> <br> FREIGHT, LIME and SAND HAULING, <br> INC., DANIEL V. MYERS, <br> WERNER ENTERPRISES, INC. <br> And TODD M. HOEHN, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO.: 2:10-cv-287 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) Defendants Werner Enterprises, Inc. and Todd M. Hoehn's Motion for Summary Judgment, filed by Defendants, Werner Enterprises, Inc. and Todd M. Hoehn, on May 7, 2012 (DE #47); (2) Motion to Strike Section IV(2)(a) From Defendants Werner Enterprises, Inc. and Todd M. Hoehn's Reply to Defendants, Freight, Lime and Sand Hauling, Inc. and Daniel V. Myers' Response in Opposition to Defendants Werner Enterprises, Inc. and Todd M. Hoehn's Motion for Summary Judgment, filed by Defendants on July 26, 2012 (DE #61); (3) Defendants Werner Enterprises, Inc. and Todd M. Hoehn's Motion to Strike Defendants Freight, Lime and Sand Hauling, Inc.'s and Daniel Myers' Sur-Reply to Defendants Werner Enterprises, Inc. and Todd M. Hoehn's Motion for Summary Judgment, filed by Defendants on August 1, 2012 (DE

#63); and (4) Defendants Werner Enterprises, Inc. and Todd M. Hoehn's Motion for Leave to File Motion to Strike the Recorded Statement of Jerry Grecco, filed by Defendants on August 1, 2012 (DE #64). For the reasons set forth below, the motion for summary judgment (DE #47) is **GRANTED** and the Clerk is **ORDERED** to **DISMISS** the claims against Defendants, Werner Enterprises, Inc. and Todd M. Hoehn, **WITH PREJUDICE**. The Court **NOTES** that the claims against Defendants, Freight, Lime & Sand Hauling, Inc., and Daniel V. Myers, **REMAIN PENDING**. The Motions to Strike (DE ##61 and 63), and the Motion for Leave to File (DE #64) are **ALL DENIED AS MOOT**.

BACKGROUND

This case arises from a traffic accident that occurred on Interstate 80 near Gary, Indiana, on June 4, 2009, when Plaintiff, Margaret Rosenbaum, was injured in a collision. Directly behind Rosenbaum was Defendant Todd Hoehn ("Hoehn"), who was employed by Werner Enterprises, Inc. ("Werner"), and operating a tractor-trailer unit owned by Werner. Behind Hoehn was Defendant, Daniel Myers ("Myers"), driving a tractor-trailer unit for Freight, Lime and Sand Hauling, Inc. ("Freight Lime").

The parties each contend that the other Defendant collided with a vehicle first. According to Defendants Hoehn and Werner, Defendant Myers (last in line) failed to come to a stop and collided with the rear of Hoehn's truck. That started a chain

2

reaction, and Myers' truck pushed Hoehn's unit forward into the rear of Rosenbaum's SUV, and then Rosenbaum's SUV into the vehicle in front of her, driven by Jerry Grecco ("Grecco"). In contrast, Defendants Myers and Freight Lime, claim Hoehn first rear-ended Rosenbaum, and that the sudden stop caused Myers to unavoidably collide with the rear of Hoehn's truck.

Defendants, Werner and Hoehn, filed the instant motion for summary judgment on May 7, 2012 (DE #47). They argued that there was undisputed evidence that Myers did not come to a stop and collided with the rear of Hoehn's truck, which started a chain reaction. (DE #48.) Plaintiffs did not file an objection. Rather, co-defendants, Freight Lime and Myers, filed a response (DE #55). In that response, Freight Lime and Myers cited to an audio recording of Grecco's statement made to a Mutual Insurance Company representative, stating that the semi truck right behind the vehicle behind him (or Hoehn) first hit Rosenbaum, and then the last truck (Myers) ran into Hoehn. (DE #57-5, pp. 3-4.) Jerry Grecco died sometime after making this statement, and the parties have extensively briefed whether his statement is admissible.

In evaluating the present motion for summary judgment, the Court realized that Plaintiffs did not oppose the motion, and that Defendants Freight Lime and Myers did not file a cross claim in this case against Defendants Werner and Hoehn. Thus, this Court requested briefing on the matter of standing. Defendants Freight

Lime and Myers filed a memorandum on September 18, 2012 (DE #67), contending the Court should grant them standing to contest the motion for summary judgment in this instance because they have a personal stake in the outcome and have taken adequate measures to preserve their right to object to the dismissal. On October 3, Defendants Werner and Hoehn filed a memorandum (DE #68), arguing that Freight Lime and Myers lack standing to oppose the instant motion for summary judgment. The motions have all been fully briefed, and this matter is ripe for adjudication.

DISCUSSION

This motion rises and falls on the procedural question that has not been addressed by the Seventh Circuit, and has been infrequently addressed by other Courts, which is: "[i]n the absence of cross-claims, and in the absence of objection from the plaintiff, may one codefendant be the sole . . . opposition to another codefendant's motion for summary judgment?" *Blonder v. Casco Inn Residential Care, Inc.*, No. CIV. 99-274-P-C, 2000 WL 761895, at *1 (D. Me. May 4, 2000). The *Blonder* Court answered that question in the negative, deciding in the absence of a crossclaim, a codefendant lacks standing to oppose his co-defendant's motion for summary judgment. *Id.* It rationalized:

> Rule 56 is intended to avoid trial when appropriate and to bring about summary justice whenever legally proper. Requiring Plaintiff to prosecute her claims against Defendants . . . when she no longer

4

> believes such claims to be viable would be contrary to the principle of Rule 56 that trials (or portions thereof) should be avoided when appropriate.

*Id.* This Court finds the rationale of *Blonder* to be persuasive. Moreover, the weight of the authority of courts that have considered this issue have concurred with *Blonder*. *See, e.g., Aktas v. JMC Develop. Co., Inc.,* No. 1:09-CV-01436, 2012 WL 2522648, at *23-24 (N.D. Ny. June 28, 2012); *Dorvin v. 3901 Ridgelake Drive, LLC*, No. 11-00696, 2012 WL 1057599, at *4 (E.D. La. Mar. 28, 2012) (collecting cases finding no standing); *Thurman v. Wood Group Prod. Servs., Inc.*, No. 09-4142, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010) (the defendant did not file a cross-claim, so it is not a "party" to the codefendant's motion for summary judgment under Rule 56); *Hawes v. Blast-Tek, Inc.*, No. 09-365, 2010 WL 2680778, at *2 (D. Minn. July 2, 2010); *Vancil Contracting, Inc. v. Tres Amigos Properties, LLC,* No. 06-71254, 2008 WL 746969, at *3 (Bkrtcy. Ct. C.D. Ill. Mar. 19, 2008) (citing *Blonder*); *Brewer v. Dodson Aviation*, No. C 04-2189Z, 2006 WL 3231974, at *4 n.5 (W.D. Wash. Nov. 7, 2006); *Dixon v. County of Alameda*, No. C 95-4617-SI, 1997 WL 220311, at *6 n.8 (N.D. Cal. Apr. 18, 1997) (noting that co-defendant did not have standing to oppose co-defendant's motion for summary judgment).

As the Court in *Hawes* found:

> [Plaintiff] is the master of his claims. He has concluded, based on the evidence adduced in

> discovery, that he lacks a good-faith basis to continue to press his claims against the moving Defendants. The Court does not believe that [one co-defendant] can force [Plaintiff] to maintain those claims - in possible violation of Federal Rule of Civil Procedure 11 - simply because it does not like the outcome if [co-defendants] are dismissed.

*Hawes*, 2010 WL 2680778, at *1; *see also Aktas*, 2012 WL 2522648, at *24 (quoting *Hawes*, and following its rationale). Similarly, Rosenbaum should be master of her claims - if she believes that discovery has showed that summary judgment is indeed appropriate for Werner and Hoehn, then those parties should be dismissed from the case.

Under the rationale of *Blonder*, since there is no crossclaim between Defendants, Freight Lime and Myers and Werner and Hoehn, they are not adverse parties. As such, Freight Lime and Myers lack standing to oppose the instant motion for summary judgment. Freight Lime and Myers' arguments in its opposition will therefore not be considered by the Court.[1]

The Court notes, as did Werner and Hoehn in its memorandum on the issue of standing, that Freight Lime and Myers' arguments citing to Indiana state court cases to support their position that they do have standing, are ineffectual here. As the federal caselaw cited above showcases, the issue before the Court is a

---

[1] Because the standing issue is determinative for this motion, the Court specifically declines to rule on the admissibility of Jerry Grecco's statement at this time.

matter of procedural law, interpreting who is a "party" under Federal Rule of Civil Procedure 56. Rule 56 states that, "[a] party may move for summary judgment . . . [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The advisory committee notes indicate that the 2007 Amendments to Federal Rule 56 changed the language of the rule because the list of claims upon which summary judgment could be sought was incomplete. Fed. R. Civ. P. Advisory Committee Note. However, the Note also states that while the 2007 Amendments change the language of Rule 56, the amendments carried forward the definition of a "party" to mean "a party claiming relief and a party against whom relief is sought." *Id.* Thus, it is also clear from the advisory committee notes to Rule 56 that in order for a party to oppose a motion for summary judgment, the opposing party must be an opposing party to the claim for which summary judgment is being sought.

Defendants Werner and Hoehn have put forth undisputed evidence that Myers first collided with the rear of Hoehn's truck, which started the chain reaction. At the time, Hoehn's truck was stopped a reasonable distance from Rosenbaum's SUV. (Hoehn Dep., Ex. C, p. 52.) Moreover, Hoehn's tractor-trailer was already stopped prior to the impact of Myers. (Myers Dep., Ex. D, p. 32.) As a result of the accident, Myers was cited for following too close, in

7

violation of Indiana Code 9-21-8-14. (*Id.*, p. 75.) According to Myers, he did not contest the citation, and paid the fine. *Id.* Additionally, Myers admitted to Hoehn at the scene of the accident that the collision was Myers' fault. (Hoehn Dep., Ex. C., pp. 31-32.) Based upon this undisputed evidence, there is no genuine issue of material fact to support any claim of negligence against Defendants Werner and Hoehn.

CONCLUSION

For the aforementioned reasons, the motion for summary judgment (DE #47) is **GRANTED** and the Clerk is **ORDERED** to **DISMISS** the claims against Defendants, Werner Enterprises, Inc. and Todd M. Hoehn, **WITH PREJUDICE**. The Court **NOTES** that the claims against Defendants, Freight, Lime & Sand Hauling, Inc., and Daniel V. Myers, **REMAIN PENDING**. The Motions to Strike (DE ##61 and 63), and the Motion for Leave to File (DE #64) are **ALL DENIED AS MOOT**.

**DATED: October 10, 2012**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**