```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

MARGARET M. ROSENBAUM             )
and KENT L. ROSENBAUM,            )
                                  )
Plaintiffs,                       )
                                  )
vs.                               )    No. 2:10-CV-287
                                  )
FREIGHT, LIME and SAND HAULING,   )
INC., and DANIEL V. MYERS,        )
                                  )
Defendants.                       )

OPINION AND ORDER

This matter is before the Court on a Motion for Preliminary Determination of Admissibility of Evidence filed by Defendants Freight, Lime and Sand Hauling, Inc. ("Freight Lime") and Daniel Myers ("Myers"). For the reasons set forth below, Defendants' motion is **GRANTED**. This Court **FINDS** that Jerry Grecco's statement is **INADMISSIBLE**.

BACKGROUND

On June 4, 2009, Plaintiff Margaret Rosenbaum, Defendant Myers, Todd Hoehn ("Hoehn"), and Jerry Grecco ("Grecco") were involved in an automobile accident giving rise to the present case. On June 10, 2009, Kim Whittaker ("Whittaker"), a representative of Defendants Freight Lime and Myers, recorded a

1

telephone conversation with Grecco, in which Grecco made certain statements regarding the June 4, 2009, accident.

Specifically, Grecco stated that just prior to the accident, he was stopped in traffic waiting for the traffic in front of him to clear. (DE #84-3, p. 4). Grecco further stated that he then felt two impacts as the vehicles behind him collided into the back of his vehicle. *Id*. In questioning Grecco, Whittaker asked: "Ok, Ok so the semi, right behind the vehicle behind you hit that vehicle and then the last semi hit that semi?" *Id*. Grecco responded: "Correct." (DE #84-3, p. 5). Whittaker then asked if Grecco could estimate how fast the first semi was traveling when it collided into the back of the car directly behind Grecco. *Id*. Grecco answered: "No I really can't, cause ah you know it happened so fast ah I ah and I didn't look at, I mean I, I saw them coming, but I don't, it wasn't registering that it was, how fast he was going." *Id*. Finally, Whittaker asked Grecco to estimate the speed of the last semi; Grecco stated: "I never saw him." *Id*. At the end of the telephone conversation, Grecco affirmed that he knew the telephone conversation was recorded and that the information he provided was true and correct to the best of his knowledge. (DE #84-3, p. 8).

Grecco died on April 4, 2011. The statements made by Grecco to Whittaker during the June 10, 2009, telephone

conversation are the subject of the instant motion. Defendants, by motion, request that the Court determine whether Grecco's out-of-court statements are admissible under Rule 807 of the Federal Rules of Evidence. This Court has authority to make such a determination pursuant to Rule 104 of the Federal Rules of Evidence. *See* Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether…evidence is admissible."). For the reasons set forth below, the Court finds that Grecco's statements do not satisfy the requirements of Rule 807 and are therefore inadmissible.

DISCUSSION

Rule 802 of the Federal Rules of Evidence provides the general rule that "[h]earsay is not admissible." The Federal Rules of Evidence carve out certain exceptions where testimony that would otherwise be inadmissible hearsay is admissible if the declarant is determined to be "unavailable." Specifically, Rule 804 provides that "[a] declarant is considered to be unavailable as a witness if the declarant…cannot be present or testify at the trial or hearing because of death." Fed. R. Evid. 804(a)(4). If a declarant is determined to be unavailable under Rule 804(a), Rule 804(b) provides that the declarant's testimony is not to be excluded as hearsay if, among other exceptions, the testimony fulfills the requirements of the

3

residual exception contained in Rule 807. Fed. R. Evid. 804(b)(5). In turn, Rule 807 provides that:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
> > (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> > (2) it is offered as evidence of a material fact;
> > (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> > (4) admitting it will best serve the purposes of these rules and the interests of justice.
> (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Generally, a trial court has broad discretion when determining the admissibility of hearsay. *Messer v. Indiana State Police*, 586 F. Supp. 2d 1044, 1057 (N.D. Ind. 2008) (citing *United States v. Dumeisi*, 424 F.3d 566, 574 (7th Cir. 2005). However, the Seventh Circuit has held that the residual exception contained in Rule 807 must be narrowly construed. *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 631 (7th Cir. 2006); *See also United States v. Sinclair*, 74 F.3d 753, 759 (7th Cir. 1996) ("Congressional commentary on the exception indicates that courts should define these conditions narrowly so that they do not use the exception as a way of dramatically

revising the hearsay rule."). Moreover, hearsay is presumptively inadmissible and the burden is on the party seeking admission to overcome that presumption. *Messer*, 586 F. Supp. 2d at 1057. To be admissible under the residual exception, the hearsay at issue must satisfy five elements: "(1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice." *Keri*, 458 F.3d at 631.

Thus, to be admissible under Rule 807, the proponent of the evidence must show that the hearsay at issue exhibits "circumstantial guarantees of trustworthiness." *Id*. Importantly, the "circumstantial guarantees of trustworthiness…are those that existed at the time the statement was made and do not include those that may be added by using hindsight."[1] *Huff v. White Motor Corp.*, 609 F.2d 286, 292 (7th Cir. 1979). Indeed, statements made by a seemingly disinterested witness under circumstances where the witness would have no motive to lie are generally trustworthy. *See United States v. Howard*, 774 F.2d 838, 845 (7th Cir. 1985). In

---

[1] In an affidavit, Grecco's son, Angelo Grecco ("Angelo"), confirmed that the voice in the recording of the June 10, 2009, telephone conversation was his father's voice. However, the Court notes that the voice identification made by Angelo is not relevant in determining whether Grecco's statements exhibit "circumstantial guarantees of trustworthiness." As explained by the court in *Huff*, whether a statement is trustworthy depends on an examination of the circumstances that existed at the time when the statement was made. Thus, although Angelo's affidavit may be useful for authentication purposes, the Affidavit does not provide any indication as to whether Grecco's statements were "trustworthy" for purposes of the Rule 807 "circumstantial guarantees of trustworthiness" analysis.

5

this case, the Court finds that Grecco's statements exhibit the "circumstantial guarantees of trustworthiness" required by Rule 807. In the conversation with Whittaker, Grecco indicated that he knew the conversation was being recorded, that his statements were true and correct to the best of his knowledge, and that he knew his statements may eventually be used in court. Further, Grecco stated that he was stopped in traffic at the time of the accident, and therefore, Grecco was a disinterested witness (i.e. not at fault) and he had no motivation to lie to Whittaker about what he saw. Thus, the Court finds that Grecco's statements exhibited some circumstantial guarantees of trustworthiness.

Furthermore, the party seeking admission of out-of-court statements under Rule 807 must show that the statements are material and that the opposing party had notice of the proponent's intent to seek admission of the statements. *Keri*, 458 F.3d at 631. The Court finds that Grecco's statements satisfy both of these criteria. Grecco's statements concern how the accident giving rise to the present case occurred, and consequently, the statements are material. Moreover, there is no dispute that Plaintiffs had notice of Defendants' intent to seek admission of Grecco's statements. Thus, Defendants have satisfied three of the five elements necessary for admissibility under Rule 807. However, the Court finds that Defendants have

6

not satisfied the two remaining requirements.

Regarding probative value, as a prerequisite to admissibility under the residual exception, Rule 807(a)(3) provides that the hearsay at issue must be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." This prerequisite was explained by the Seventh Circuit in *Huff v. White Motor Corp.*, 609 F.2d 286 (7th Cir. 1979), a case involving an automobile accident. In *Huff*, the trial court excluded an out-of-court statement made by the plaintiff's husband while he was hospitalized following the accident giving rise to the dispute. *Id*. at 290. In the statement at issue, plaintiff's husband stated that there was a fire in the cab of his truck before the accident occurred. *Id*. Sometime after making this statement, Plaintiff's husband died. *Id*.

In reversing the trial court's exclusion of plaintiff's Husband's statement, the Seventh Circuit found that the statement was "more probative on the point for which it [was] offered than any other evidence." *Id*. at 294-95. The Court explained that the only other evidence was circumstantial and that "[u]nless the hearsay [was] admitted, there [would] be no direct evidence" on the question of whether there was a fire in the cab of the truck immediately prior to the accident. *Id*. at 295.

Turning to the present case, this Court finds that Grecco's statements are not "more probative on the point for which [they] are offered than any other evidence that [Defendants'] can obtain through reasonable efforts." Unlike the hearsay at issue in *Huff*, the exclusion of Grecco's statements will not result in an absence of any direct evidence of the events giving rise to this dispute.

Indeed, Hoehn and Defendant Myers were in a better position to see what actually happened when the accident occurred. Grecco, was looking backwards at the time of the collision and he admitted that he never even saw Defendant Myers' semi-truck. Thus, Hoehn was in a better position to know whether his own semi-truck was stopped when Defendant Myers collided into his rear. Similarly, Defendant Myers, the driver of the semi-truck directly behind Hoehn, was in a better position to know whether Hoehn was stopped. Defendants may offer the testimony of Hoehn and Defendant Myers as direct evidence of how the accident actually occurred, and moreover, their testimony would be more probative than that of Grecco because they were in better positions to watch the events unfold. As such, the Court finds that Grecco's statements were not "more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts," and as such, Grecco's statements do not satisfy the requirements for

admissibility under Rule 807.

Finally, in determining whether hearsay is admissible under Rule 807, a court must consider whether "the interests of justice" would be served by admitting the hearsay into evidence. *Keri*, 458 F.3d at 631. In that regard, the Seventh Circuit has held that a trial court is not required to remedy the deficiencies of a party's trial preparation when considering the admissibility of hearsay. *Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 970 (7th Cir. 1983). In *Abernathy*, the plaintiff, a truck driver, brought a negligence action against his employer after he was injured while unloading his truck. *Id*. at 967. In the course of discovery, the defendant-employer hired a private investigator who allegedly discovered records that contradicted the plaintiff's testimony about the plaintiff's inability to find employment after his injury. *Id*. at 970. The trial court determined that the testimony of the defendant's private investigator regarding the records at issue was inadmissible hearsay and that it did not satisfy the "catchall" hearsay exception contained in Rule 804(b)(5).[2]

In upholding the trial court's refusal to admit the testimony of the defendant's private investigator, the Court

---

[2] Following a revision of the Federal Rules of Evidence, the catchall provision of Rule 804(b)(5), referred to by the court in *Abernathy*, was transferred to the residual exception in Rule 807. *See* Fed. R. Evid. 804(b)(5) (indicating that the "other exceptions" formerly contained in Rule 804(b)(5) have been "[t]ransferred to Rule 807").

found that the defendant had almost two years from when the private investigator discovered the records to the time of trial, and that the defendant could have subpoenaed the records and deposed the custodian of the records during that time. *Id*. Ultimately, the Court concluded that trial court was not obliged to compensate for the defendant's failure to secure more reliable evidence by admitting the hearsay at issue. *Id*.

Turning to the present case, this Court notes that, similar to the circumstances in *Abernathy*, almost two years lapsed between the accident giving rise to this dispute and Grecco's death. Defendants could have deposed Grecco during this time to ensure his testimony would be available at the time of trial. Moreover, this Court finds it significant that Grecco's statements were recorded by Whittaker, *Defendants' own representative*. As such, Defendants became aware of the importance of Grecco's statements as soon as those statements were made and Defendants could have taken actions to ensure that Grecco's statements were memorialized in sworn testimony subject to cross examination. Under these circumstances, admitting Grecco's statements would not serve the interest of justice as required by Rule 807. This Court, like the court in *Abernathy*, will not save Defendants from their failure to secure Grecco's testimony in a timely manner.

All five prerequisites to admissibility must be established

before hearsay is admitted under Rule 807. This Court finds that Defendants have failed to show that Grecco's statements are "more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts," and, Defendants have failed to show that "the interests of justice" would be served by admitting Grecco's statements. Therefore, Grecco's statements are inadmissible.

CONCLUSION

For the reasons set forth above, Defendants' Motion for Preliminary Determination of Admissibility of Evidence is **GRANTED**, and the Court **FINDS** that Jerry Grecco's statement is **INADMISSIBLE**.

**DATED: March 1, 2013**     /s/RUDY LOZANO, Judge
                             **United States District Court**